# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANA POTVIN, LISA BULTMAN, MICHAEL MCKARRY, DAVID WABAKKEN, MOHAMED HASSAN, CHRISTINA MERRILL, ERIC LEVINE, PATRICK DONAHUE, DEBBI BROWN, CAROL RADICE, TERRENCE BERRY, AMANDA GREEN, DAVID WILDHAGEN, KATY DOYLE, TASHIA CLENDANIEL, HOGAN POPKESS, KORY WHEELER, HARRY O'BOYLE, JOE RAMAGLI, ERIC KOVALIK, CHARLES HILLIER, LABRANDA SHELTON, ADAM MOORE, TINA GROVE, KEECH ARNSTEN, SCOTT CARTER, MIKE SHERROD, CHRISTI JOHNSON, MARY KOELZER AND MARK STEVENS, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>VOLKSWAGEN AKTIENGESELLSCHAFT, VOLKSWAGEN GROUP OF AMERICA, INC., and VOLKSWAGEN GROUP OF AMERICA CHATTANOOGA OPERATIONS, LLC,<br><br>Defendants. | Civil Action No. 2:22-cv-01537 (EP) (JSA)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

WHEREAS, pursuant to Fed. R. Civ. P. ("Rule") 23(a), 23(b)(3), and 23(e), the parties seek entry of an order, *inter alia*, preliminarily approving the class Settlement of this Action ("Settlement") pursuant to the terms and provisions of the Settlement Agreement dated March 19, 2024, with attached exhibits ("Settlement Agreement"); preliminarily certifying the Settlement Class for settlement purposes only; directing Notice to the Settlement Class pursuant to the parties' proposed Notice Plan; preliminarily appointing the Settlement Class Representatives, Class Counsel and the Claim Administrator; directing the timing and procedures for any objections to, and requests for exclusion from, the Settlement; setting forth other procedures, filings and deadlines; and scheduling the Final Fairness Hearing; and

1

WHEREAS, the Court has read and carefully considered the Settlement Agreement and its exhibits, and Plaintiffs' Unopposed Motion for Preliminary Approval, the Exhibits thereto and Declarations in support;

NOW, IT IS HEREBY ORDERED THAT:

1.  This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

2.  This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d), and venue is proper in this district.

3.  The Court has personal jurisdiction over the Plaintiffs, Settlement Class Members, and the Defendant Volkswagen Group of America, Inc. ("VWGoA").

4.  Pursuant to Fed. R. Civ. P. 23(e)(1)(B)(ii), the Court preliminarily finds, for settlement purposes only, that it will likely be able to certify the proposed Settlement Class for settlement purposes after the hearing on final approval of the Settlement Agreement, for the following reasons: (a) the Settlement Class is ascertainable, as the class definition is based on objective criteria; (b) the Settlement Class is sufficiently numerous under Rule 23(a)(1); (c) the Settlement Class shares an overriding common question sufficient to satisfy Fed. R. Civ. P. 23(a)(2); (d) pursuant to Rule 23(a)(3), the Settlement Class Representative-Plaintiffs' claims are typical of the Settlement Class Members they seek to represent; (e) pursuant to Rule 23(a)(4), the Settlement Class Representatives-Plaintiffs are adequate representatives of the Settlement Class, and Plaintiffs' counsel has the qualifications and experience necessary to serve as Class Counsel on behalf of the Settlement Class; and (f) the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(b)(3) because common questions of law and/or fact predominate over individual questions and the class action device is superior to other methods of resolving the issues in this litigation. In addition, since this is a Class Settlement, the Court need not consider the manageability issues that might be presented by the trial of a nationwide class action involving

the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 519 (3d Cir. 2004).

5. Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies, for settlement purposes only, the following Settlement Class:

> All present and former U.S. owners and lessees of Settlement Class Vehicles, defined as certain model year 2019-2023 Atlas and Atlas Cross Sport vehicles, distributed by Defendant Volkswagen Group of America, Inc. for sale or lease in the United States and Puerto Rico, which are the subject of Recall 97GF and specifically identified by Vehicle Identification Number ("VIN") in Exhibit 5 to the Settlement Agreement.

Excluded from the Settlement Class are: (a) all Judges who have presided over the Action and their spouses; (b) all current employees, officers, directors, agents and representatives of Defendant, and their family members; (c) any affiliate, parent or subsidiary of Defendant and any entity in which Defendant has a controlling interest; (d) anyone acting as a used car dealer; (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (h) issuers of extended vehicle warranties and service contracts; (i) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with and released Defendant or any Released Parties from any Released Claims; and (j) any Settlement Class Member who files a timely and proper Request for Exclusion from the Settlement Class.

6. The Court finds, pursuant to Fed. R. Civ. P. 23(e)(1)(B)(i), that the terms of the Settlement Agreement are fair, reasonable, and adequate, and in all respects satisfy Fed. R. Civ. P. 23, such that the Court will likely be able to finally approve the Settlement under Fed. R. Civ. P. 23(e)(2) after the hearing on final approval of the Settlement.

7. The Court preliminarily finds that, subject to the Final Fairness Hearing, the Settlement Agreement falls within the range of possible approval as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court also preliminarily finds that the Settlement Agreement: (a) is the result of serious, informed, non-collusive arm's length negotiations of highly disputed claims involving experienced counsel familiar with the legal and factual issues of this case, and made with the assistance of an experienced neutral mediator; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Fed. R. Civ. P. 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by VWGoA.

8. In addition, the Court finds that the preliminary certification of the Settlement Class and preliminary approval of the Settlement herein are appropriate, especially when balanced against the risks and delays of further litigation including the risks of non-recovery, reduced recovery, inability to obtain and maintain throughout the litigation class certification in the absence of a class settlement, and the substantial expense and delays of further litigation. The Court further finds that the proceedings that occurred before the Parties entered into the Settlement Agreement afforded counsel for both sides the opportunity to adequately assess the claims and defenses in the Action, the relative positions, strengths, weaknesses, risks, and benefits to each Party, and as such, to negotiate a Settlement Agreement that is fair, reasonable, and adequate and reflects those considerations.

9. The Court finds, pursuant to Fed. R. Civ. P. 23(e)(1)(A), that the Parties have provided sufficient information for it to be able to determine whether to preliminarily approve the Settlement and direct notice to the Settlement Class.

10. The Court preliminarily appoints the law firms of Carella, Byrne, Cecchi, Brody & Agnello, P.C.; Hagens Berman Sobol Shapiro LLP; Goldenberg Schneider, LPA; The Law Offices of Sean K. Collins; and Lemberg Law LLC, collectively, as Class Counsel for the Settlement Class.

11. The Court preliminarily appoints Plaintiffs Dana Potvin, Lisa Bultman, Michael McKarry, David Wabakken, Mohamed Hassan, Christina Merrill, Eric Levine, Patrick Donahue, Debbi Brown, Carol Radice, Terrence Berry, Amanda Green, David Wildhagen, Katy Doyle, Tashia Clendaniel, Hogan Popkess, Kory Wheeler, Harry O'Boyle, Joe Ramagli, Eric Kovalik, Charles Hillier, Labranda Shelton, Adam Moore, Tina Grove, Keech Arnsten, Scott Carter, Mike Sherrod, Christi Johnson, Mary Koelzer, and Mark Stevens, as Settlement Class Representatives.

12. The Court preliminarily appoints JND Legal Administration as the Settlement Claim Administrator ("Claim Administrator").

13. The Court hereby approves (a) the Parties' Notice Plan for dissemination of Class Notice as set forth in the Settlement Agreement; (b) the form and content of the Class Notices, including the post-card Class Notice (Exhibit 2 to the Settlement Agreement) which shall be mailed by the Claim Administrator on an agreed upon date which shall not be more than 100 days after entry of the Preliminary Approval Order, and the longer form Class Notice (Exhibit 3 to the Settlement Agreement) which shall be available on the Settlement Website; and (c) the form and content of the Claim Form (Exhibit 1 to the Settlement Agreement) which shall also be available on the Settlement Website. In addition, pursuant to the Notice Plan which the Court hereby approves, on the same date on which the postcard Class Notice is mailed, the Claim Administrator shall also e-mail a copy of said Class Notice to Settlement Class Members whose e-mail addresses are available from VWGoA's records regarding a particular Settlement Class Vehicle, to the extent that VWGoA's providing of such e-mail addresses is not prohibited or restricted by agreement, customer/e-mail addressee request or restriction, and/or privacy or confidentiality laws, rules, or Company internal policies.

14. The Court further finds that the Notice Plan (the mailing and/or e-mailing, if applicable) of the postcard Class Notice in the manner set forth in the Settlement Agreement, as well as the establishment of a Settlement Website and the availability of the longer form Class Notice on said website fully satisfies Rule 23, due process, and constitute the best notice practicable under the circumstances. The Notice Plan, including the aforesaid approved Class

Notices, is reasonably calculated to apprise the Settlement Class of the pendency of the Action, the certification of the Settlement Class for settlement purposes only, the terms of the Settlement, its benefits, and the Release of Claims, the Settlement Class Members' rights including the right to, and the deadlines and procedures for, requesting exclusion from the Settlement or objecting to the Settlement, Class Counsel's application for Fees and Expenses and/or the application for Settlement Class Representative service awards, the deadline, procedures and requirements for submitting a Claim for Reimbursement pursuant to the Settlement terms, the time, place, and right to appear at the Final Fairness hearing, and other pertinent information about the Settlement and the Settlement Class Members' rights. The Court authorizes the Parties to make non-material modifications to the Class Notice and Claim Form prior to mailing if they jointly agree that any such changes are appropriate.

15. Accordingly, the Court approves, and directs the implementation of, the Notice Plan pursuant to the terms of the Settlement Agreement.

16. The Claim Administrator is directed to perform all settlement administration duties set forth in, and pursuant to the terms and time periods of, the Settlement Agreement, including mailing of the CAFA Notice, implementing and maintaining the Settlement website, implementing the Notice Plan, the processing, review and determination of timely submitted and proper Claims for Reimbursement under the Settlement terms, and the submission of any declarations and other materials to counsel and the Court, as well as any other duties required under the Settlement Agreement.

17. The Departments of Motor Vehicles within the United States and its territories are ordered to provide approval to S&P Global (formerly Polk/IHS Markit), or any other company so retained by the parties and/or the Claim Administrator, to release the names and addresses of Settlement Class Members in the Action associated with the titles of the Vehicle Identification Numbers at issue in the Action for the purposes of disseminating the Class Notice to the Settlement Class Members.  S&P Global, or any other company so retained, is ordered to license, pursuant to agreement between Defendant and S&P Global or such other company, and/or the

Claim Administrator and S&P Global or such other company, the Settlement Class Members' contact information to the Claim Administrator and/or Defendant solely for the use of providing Settlement Class Notice in the Action and for no other purpose.

18. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail, by U.S. first-class mail postmarked no later than forty-five (45) days after the Notice Date, a written request for exclusion ("Request for Exclusion") to each of the following: (a) the Claim Administrator at the address specified in the Class Notice; (b) James E. Cecchi, Esq., Carella, Byrne, Cecchi, Brody & Agnello, P.C., 5 Becker Farm Road, 2nd Floor, Roseland, New Jersey 07068 on behalf of Class Counsel; and (c) Michael B. Gallub, Esq., Shook, Hardy & Bacon L.L.P., 1 Rockefeller Plaza, Suite 2801, New York, NY 10020 on behalf of Defendant. To be effective, the Request for Exclusion must be timely and must:

    a. Include the Settlement Class Member's full name, address and telephone number, and identify the model, model year and VIN of the Settlement Class Vehicle;

    b. State that he/she/it is or was a present or former owner or lessee of a Settlement Class Vehicle; and

    c. Specifically and unambiguously state his/her /its desire to be excluded from the Settlement Class.

19. Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion sent to the proper addresses shall remain in the Settlement Class and shall be subject to and bound by all determinations, orders and judgments in the Action concerning the Settlement, including but not limited to the Released Claims set forth in the Settlement Agreement.

20. Any Settlement Class Member who has not submitted a Request for Exclusion may object to the fairness of the Settlement Agreement and/or the requested amount of Class Counsel Fees and Expenses and/or Settlement Class Representative service awards.

    a. To object, a Settlement Class Member must either: (i) file the objection, together with any supporting briefs and/or documents, with the Court in person or via the

       Court's electronic filing system not later than forty-five (45) days after the Notice Date; or (ii) mail, via first-class mail postmarked not later than forty-five (45) days after the Notice Date, the objection, together with any supporting briefs and/or documents, to each of the following: (a) the Clerk's Office of the United States District Court, District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street Room 4015, Newark, New Jersey 07101; (b) James E. Cecchi, Esq., Carella, Byrne, Cecchi, Brody & Agnello, P.C., 5 Becker Farm Road, 2nd Floor, Roseland, New Jersey 07068 on behalf of Class Counsel; and (c) Michael B. Gallub, Esq., Shook, Hardy & Bacon L.L.P., 1 Rockefeller Plaza, Suite 2801, New York, NY 10020 on behalf of Defendant.

b. Any objecting Settlement Class Member must include the following with his/her/its objection: (i) the objector's full name, address, and telephone number; (ii) the model, model year and Vehicle Identification Number of the Settlement Class Vehicle, along with proof that the objector has owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt); (iii) a written statement of all grounds for the objection accompanied by any legal support for such objection; (iv) copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection; (v) the name and address of any counsel representing said objector; (vi) a statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, and the identity(ies) of any counsel who will appear on behalf of the Settlement Class Member at the Final Approval Hearing; and (vii) a list of all other objections submitted by the objector, and/or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five (5) years, including the full case name, the jurisdiction in which it was filed and the docket number. If the Settlement Class Member or his/her/its counsel has not objected to any other class

      action settlement in the United States in the previous five (5) years, he/she/they/it shall affirmatively so state in the objection.

    c. Subject to the approval of the Court, any Settlement Class Member who has properly filed a timely objection may appear, in person or by counsel, at the Final Fairness Hearing to explain why the proposed Settlement should not be approved as fair, reasonable and adequate, or to object to any motion for Class Counsel Fees and Expenses or Settlement Class Representative service awards. In order to appear, any Settlement Class Member must, no later than the objection deadline, file with the Clerk of the Court and serve upon all counsel designated in the Class Notice, a Notice of Intention to Appear at the Final Fairness Hearing. The Notice of Intention to Appear must include copies of any papers, exhibits or other evidence and the identity of all witnesses that the objecting Settlement Class Member (or the objecting Settlement Class Member's counsel) intends to present to the Court in connection with the Final Fairness Hearing. Any Settlement Class Member who does not provide a Notice of Intention to Appear in accordance with the deadline and other requirements set forth in this Order and the Class Notice shall be deemed to have waived any right to appear, in person or by counsel, at the Final Fairness Hearing.

    d. Any Settlement Class Member who has not properly filed a timely objection in accordance with the deadlines and requirements set forth in this Order and the Class Notice shall be deemed to have waived and relinquished any objections to the Settlement and any adjudication or review of the Settlement Agreement and/or its approval, by appeal or otherwise.

21. In the event the Settlement is not granted final approval by the Court, or for any reason the parties fail to obtain a Final Order and Judgment as contemplated in the Settlement Agreement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

    a. All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding, judicial or otherwise;

    b. All of the Parties' respective pre-Settlement claims, defenses and procedural rights will be preserved, and the parties will be restored to their positions *status quo ante*;

    c. Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendant, the Released Parties or Plaintiffs on any allegation, claim, defense, or point of fact or law in connection with this Action;

    d. Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders and public statements, may be used as evidence in this or any other proceeding, judicial or otherwise; and

    e. The preliminary certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the Action shall proceed as though the Settlement Class had never been preliminarily certified.

22. Pending the Final Fairness Hearing and the Court's decision whether to grant final approval of the Settlement, no Settlement Class Member, either directly, representatively, or in any other capacity (including those Settlement Class Members who filed Requests for Exclusion from the Settlement which have not yet been reviewed and approved by the Court at the Final Fairness Hearing), shall commence, prosecute, continue to prosecute, or participate in, against Defendant and/or any of the Released Parties, any action or proceeding in any court or tribunal

(judicial, administrative or otherwise) asserting any of the matters, claims or causes of action that are to be released in the Settlement Agreement. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

23. Pending the Final Fairness Hearing and any further determination thereof, this Court shall maintain continuing jurisdiction over these Settlement proceedings.

24. Based on the foregoing, the Court sets forth the following schedule for the Final Fairness Hearing and the actions which must precede it. If any deadline set forth in this Order falls on a weekend or federal holiday, then such deadline shall extend to the next business day. These deadlines may be extended by order of the Court, for good cause shown, without further notice to the Class. Settlement Class Members must check the Settlement website regularly for updates and further details regarding this Settlement:

| Event | Deadline Pursuant to Settlement Agreement |
| --- | --- |
| Notice shall be mailed/e-mailed in accordance with the Notice Plan and this Order | October 10, 2024 |
| Class Counsel's Fee and Expense Application and request for service awards for the Plaintiffs-Settlement Class Representatives | November 4, 2024 |
| Plaintiffs to file Motion for Final Approval of the Settlement | November 22, 2024 |
| Deadline for filing of Objections to the Settlement, Class Counsel's Fee and Expense Application, and/or the request for Settlement Class Representative service awards | November 25, 2024 |

| | |
|---|---|
| Deadline for Requests for Exclusion from the Settlement | November 25, 2024 |
| Claim Administrator shall submit a declaration to the Court (i) reporting the names of all persons and entities that submitted timely Requests for Exclusion; and (ii) attesting that Notice was disseminated in accordance with the Settlement Agreement and this Preliminary Approval Order. | December 2, 2024 |
| Responses of Any Party to any Objections and/or Requests for Exclusion | December 9, 2024 |
| Any submissions by Defendant concerning Final Approval of Settlement | December 9, 2024 |
| Final Fairness Hearing will be held in-person at Martin Luther King Building & U.S. Courthouse, 50 Walnut St., Courtroom 2B, Newark, NJ 07102. | January 15, 2025 at 11:00 a.m. |
| Claim Submission Deadline | December 24, 2024 |

SO-ORDERED:

Date: July 8, 2024

s/Jessica S. Allen
Honorable Jessica S. Allen
United States Magistrate Judge