# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# NEWARK DIVISION

| | |
|---|---|
| DANA POTVIN, LISA BULTMAN, MICHAEL MCKARRY, DAVID WABAKKEN, MOHAMED HASSAN, CHRISTINA MERRILL, ERIC LEVINE, PATRICK DONAHUE, DEBBI BROWN, CAROL RADICE, TERRENCE BERRY, AMANDA GREEN, DAVID WILDHAGEN, KATY DOYLE, TASHIA CLENDANIEL, HOGAN POPKESS, KORY WHEELER, HARRY O'BOYLE, JOE RAMAGLI, ERIC KOVALIK, CHARLES HILLIER, LABRANDA SHELTON, ADAM MOORE, TINA GROVE,  KEECH ARNSTEN, SCOTT CARTER, MIKE SHERROD, CHRISTI JOHNSON, MARY KOELZER AND MARK STEVENS, Individually And On  Behalf Of All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>   vs.<br><br>VOLKSWAGEN AKTIENGESELLSCHAFT, VOLKSWAGEN GROUP OF AMERICA, INC., and VOLKSWAGEN GROUP OF AMERICA CHATTANOOGA OPERATIONS, LLC,<br><br>Defendants. | No. 2:22-cv-01537-JSA<br><br>CLASS ACTION<br><br>**[PROPOSED]**<br>**FINAL APPROVAL ORDER AND JUDGMENT** |

1

WHEREAS, this Court, having carefully reviewed and considered all of the filed submissions relating to the proposed Class Settlement of this Action ("Settlement" or "Class Settlement") including the Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and exhibits thereto (ECF No. 111) (hereinafter the "Motion for Final Approval"), the Parties' Class Settlement Agreement dated April 8, 2024 with exhibits (ECF No. 98-2) ("Settlement Agreement"), the Declaration of Lara Jarjoura of JND Legal Administration, the Claim Administrator (ECF No. 112), Plaintiffs' Supplemental Memorandum in Response to Requests for Exclusions (ECF No. 113), Defendant's Memorandum of Law in Response to Certain Requests for Exclusion and in Support of Final Approval of the Class Action Settlement (ECF No. 114), and all other submissions and filings in this Action;

WHEREAS, this Court, having issued its Order Granting Preliminary Approval of Class Action Settlement (ECF No. 109) ("Preliminary Approval Order") which granted preliminary approval of the Class Settlement, provisionally certified, for settlement purposes only, the proposed Settlement Class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); preliminarily appointed the Settlement Class Representatives, Settlement Class Counsel, and the Settlement Claim Administrator; approved the form and content of the Class Notice and Claim Form; approved the

Parties' Class Notice Plan set forth in the Settlement Agreement ("Notice Plan") as the best notice practicable under the circumstances and comporting in all respects with Fed. R. Civ. P. 23(e) and due process; and directed the dissemination of the Class Notice pursuant to the Notice Plan;

WHEREAS, the approved Notice Plan has been effectuated in a timely and proper manner in accordance with the Preliminary Approval Order; and

WHEREAS, this Court held a Final Fairness Hearing on January 15, 2025, and has carefully considered all the submissions, arguments and applicable law, and with due deliberation thereon,

NOW, this Court hereby GRANTS the Motion for Final Approval, and finds, orders, and adjudges as follows:

1. **Jurisdiction and Venue.** The Court has jurisdiction over the Action and all matters relating to the Settlement. Venue is also proper in this Court.

2. **Final Approval of the Class Settlement.** The Court hereby grants final approval of the Class Settlement and all the terms and provisions of the Settlement Agreement. The Court finds that the Class Settlement is fair, reasonable, and adequate, and in all respects satisfies the requirements of Fed. R. Civ. P. 23 and the applicable law.

3. **Certification of the Settlement Class.** The Court certifies, for Settlement purposes only, the proposed Settlement Class set forth in the Settlement

Agreement and in the Preliminary Approval Order. The Court finds that, for the purposes of Settlement, the applicable prerequisites for certification of the proposed Settlement Class under Fed. R. Civ. P 23(a) and 23(b)(3) are fully satisfied, to wit: the Settlement Class is so numerous that joinder of all members is not practicable; questions of law and fact are common to the Settlement Class; the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; the Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class; questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. In addition, because this Action is being settled rather than litigated to conclusion, the Court need not consider manageability issues that might be presented by a trial of this action. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). *Sullivan v. DB Invs.*, 667 F.3d 273, 302-03 (3d Cir. 2011)(*en banc*); *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 519 (3d Cir. 2004).

4. **Defined Terms of the Settlement Agreement**. Unless otherwise defined herein, the terms used in this Order and Judgment that are defined in the

Settlement Agreement shall have the same definition and meaning as set forth in the Settlement Agreement.

5. **Notice of the Settlement to the Settlement Class.** The Court finds that the dissemination of the Class Notice to the Settlement Class: (a) was implemented in a timely and proper fashion in accordance with the Parties' approved Notice Plan as set forth in the Settlement Agreement and Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; and (c) in all respects satisfied the requirements of Fed. R. Civ. P. 23(e), the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.

6. **CAFA Notice.** The Court finds that in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), the Settlement Claim Administrator properly and timely caused to be mailed a copy of the proposed Settlement and all other documents required by law to the Attorney General of the United States and the Attorneys General of each State where class members reside and of Puerto Rico. No Attorney General has filed any objection to, or voiced any concern over, the Class Settlement or any of its terms and provisions.

7. **The Settlement is Fair, Reasonable, and Adequate**. The Court finds that the Class Settlement is fair, reasonable, and adequate, and in all respects satisfies Fed. R. Civ. P. 23. The Settlement provides substantial benefits to, and is in the best interests of, the Settlement Class, and is particularly fair, reasonable, and

adequate when considering the issues of this case including, but not limited to, the disputed nature of the claims, the potential defenses thereto, the risks of non-recovery or reduced recovery to the Settlement Class, and of the inability to certify a class and/or maintain class certification through trial and potential appeal if this action is litigated rather than settled, the substantial burdens, time and expense of further litigation, and the delays of any potential recovery associated with the continued litigation of the Action.

8.  **The Class Settlement is the Result of Extensive Arm's Length Negotiations of Highly Disputed Claims by Experienced Class Action Counsel, and is Not the Product of Collusion.** The Court further finds that the Class Settlement was entered into as a result of extensive and adversarial arm's length negotiations of highly disputed claims among experienced class action counsel on both sides. The Settlement is not the product of collusion, and was entered into with a sufficient understanding by counsel of the strengths and weaknesses of their respective claims and defenses, and of the potential risks versus benefits of continued litigation, including but not limited to the ability to establish and/or extent of establishing liability, alleged damages, class certification, and maintenance of class certification through trial and appeal. In addition, the Court finds that the issues of Class Representative service awards and Class Counsel reasonable attorneys' fees and expenses (all of which are addressed by the Court in a separate Order) were not even discussed by the Parties, let alone agreed to, until after agreement had already

been reached on the material terms of this Class Settlement, and were, likewise, negotiated at arm's length and without any collusion.

9. **No Admission of Wrongdoing.** This Class Settlement is a compromise of vigorously disputed allegations and claims. As set forth in the Settlement Agreement, the Court finds that the Settlement, and any documents and submissions relating thereto, do not and shall not constitute a finding of either fact or law regarding the merits of any allegation, claim, fact, issue of law, or defense that was or could have been asserted in this Action. The Court further finds that nothing in this Final Order and Judgment, the Settlement Agreement, the underlying proceedings or negotiations, or any documents, filings, submissions, or statements related thereto, is or shall be deemed, construed to be, or argued as, an admission of, or any evidence of, any allegation, claim, fact, or issue of law that was or could have been asserted in the Action or of any liability, wrongdoing or responsibility on the part of any Defendant or any Released Party.

10. **Appointment of Settlement Class Representatives.** The Court hereby grants final approval and appointment of Plaintiffs Lisa Bultman, Michael McKarry, David Wabakken, Mohamed Hassan, Eric Levine, Patrick Donahue, Debbi Brown, Carol Radice, Terrence Berry, Amanda Green, David Wildhagen, Katy Doyle, Tashia Clendaniel, Hogan Popkess, Kory Wheeler, Harry O'Boyle, Joe Ramagli, Eric Kovalik, Charles Hillier, Labranda Shelton, Adam Moore, Tina Grove, Keech

7

Arnsten, Scott Carter, Mike Sherrod, Christi Johnson, Mary Koelzer, and Mark Stevens as Representatives of the Settlement Class ("Settlement Class Representatives"). The Court finds that said Settlement Class Representatives have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class.

11. **Appointment of Settlement Class Counsel.** The Court hereby grants final approval and appointment of the law firms of Carella, Byrne, Cecchi, Brody & Agnello, P.C., Hagens Berman Sobol Shapiro LLP, Goldenberg Schneider, LPA, The Law Offices of Sean K. Collins, and Lemberg Law LLC, collectively, as Class Counsel for the Settlement Class ("Settlement Class Counsel" or "Class Counsel"). The Court finds that said Settlement Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class.

12. **Appointment of Settlement Claims Administrator.** The Court further grants final approval and appointment of JND Legal Administration as the Settlement Claims Administrator to effectuate its duties and responsibilities set forth in the Settlement Agreement.

13. **Objections and Requests for Exclusion.** Settlement Class Members were duly afforded a reasonable and ample opportunity to object to or request exclusion from the Settlement, and were duly advised of the deadlines and

procedures for doing so. Of the approximately 305,423 Settlement Class Members, the Court has received no objections to the Settlement. The Parties received 32 requests for exclusion, of which 25 requests are valid and 7 requests are invalid for being untimely and/or otherwise failing to comply with the requirements for a valid request for exclusion mandated by the Preliminary Approval Order (Julio Gomez Juarez and Juanita Gaxiola Isaguirre (ECF 114-1), Tyrina Quinn (ECF 114-2), Olga Voznuk (ECF 114-3), Mariana Gonzalez (ECF 114-4), Marianne Foresch (ECF 114-5), Marc Buck (ECF 114-6), and Mia Fiske (ECF 114-7)).

14. The court finds that the lack of objections and very small number of requests for exclusion demonstrate overwhelmingly that the Settlement Class favors the Settlement, and further support that the Class Settlement is fair, reasonable, and adequate, and warranting of final approval.

**IT IS THEREFORE ORDERED AND ADJUDGED AS FOLLOWS**:

15. The Court certifies, for the purpose of settlement, the following Settlement Class consisting of:

> All present and former U.S. owners and lessees of certain model year 2019 through 2023 Atlas and Atlas Cross Sport vehicles, distributed by Defendant Volkswagen Group of America, Inc. for sale or lease in the United States and Puerto Rico, which are the subject of Recall 97GF and specifically identified by Vehicle Identification Number ("VIN") in Exhibit 5 to the Settlement Agreement.
>
> Excluded from the Settlement Class are: (a) all Judges who have presided over the Action and their spouses; (b) all

current employees, officers, directors, agents and representatives of Defendant, and their family members; (c) any affiliate, parent or subsidiary of Defendant and any entity in which Defendant has a controlling interest; (d) anyone acting as a used car dealer; (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (h) issuers of extended vehicle warranties and service contracts; (i) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with and released Defendant or any Released Parties from any Released Claims; and (j) any Settlement Class Member who files a timely and proper Request for Exclusion from the Settlement Class.

16.  The Court hereby grants final approval of the Class Settlement as set forth in the Settlement Agreement and all its terms and provisions. The Settlement is fair, reasonable, and adequate, and in all respects satisfies the requirements of Fed. R. Civ. P. 23. Specifically, the Court has carefully analyzed each of the factors set forth in Fed. R. Civ. P. 23(e)(2), *Girsh v. Jepson*, 521 F.2 153, 157 (3d Cir. 1975) and *In re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 323 (3d Cir. 1998), and finds that they support, justify, and warrant final approval of this Class Settlement.

17.  The Court excludes from the Settlement and Release, on the basis of their valid and timely requests for exclusion, the 25 Settlement Class Members who are listed on Exhibit A annexed hereto. The requests for exclusion of Julio Gomez

Juarez and Juanita Gaxiola Isaguirre, Tyrina Quinn, Olga Voznuk, Marina Gonzalez, Marianne Foreschm Marc Buck, and Mia Fiske, are hereby denied.

18. The Parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms and provisions.

17. The Parties and all Settlement Class Members are hereby bound in all respects by the terms and conditions of the Settlement Agreement, including but not limited to the Released Claims against all Defendant and Released Parties contained therein, and the Plaintiffs and each and every Settlement Class Member shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, completely and forever released, acquitted and discharged Defendant and all Released Parties from all Released Claims as set forth in the Settlement Agreement, incorporated herein by reference, except for the 25 persons identified in Exhibit A who have timely and properly excluded themselves from the Settlement Class.

18. The Action is hereby dismissed with prejudice and without costs.

19. Neither this Settlement, the Settlement Agreement, its negotiations, any agreements, documents, motions, submissions and/or Orders relating thereto, nor this Final Order and Judgment, shall, in any way, constitute, be deemed to constitute, be construed as, or be admissible in any action or proceeding (judicial or otherwise) as any admission by any Defendant or Released Party as to the merits of any allegation, claim or defense that was or could have been asserted in this Action, any

evidence, or finding of either fact or law, as to any allegation, claim or defense that was or could have been asserted in the Action, and/or any admission or evidence of any liability, fault, wrongdoing or responsibility on the part of the Defendant or any Released Party, nor shall it/they be offered, or be admissible, as evidence against any Defendant, Released Party, or the Plaintiffs, in any action or proceeding (judicial or otherwise) except as may be necessary to enforce the terms of the Settlement Agreement and/or this Final Order and Judgment including the Released Claims.

20. In the event that any provision of the Settlement or this Final Order and Judgment is asserted by Defendant or any Released Party as a defense (including, without limitation, as a basis for dismissal and/or a stay), in whole or in part, to any claim, suit, action or proceeding brought by a Settlement Class Member or any person acting or purporting to act on behalf of any Settlement Class Member(s) in any forum, judicial or otherwise, that claim, suit, action and/or proceeding shall immediately be stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.

21. Without further order of this Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement, this Order and Judgment, and any obligations thereunder.

22. Plaintiffs and each and every Settlement Class Member, and any person or entity acting or purporting to act on behalf of any said Settlement Class Member,

12

is/are hereby permanently barred and enjoined from commencing, instituting, pursuing, maintaining, prosecuting, or continuing to pursue, maintain or prosecute, any Released Claim against Defendant and/or any of the Released Parties (including, without limitation, in any individual, class/putative class, representative or other action or proceeding, directly or indirectly, in any judicial, administrative, arbitral, or other forum). This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Order and Judgment, and this Court's authority to enforce and effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. However, this provision will not bar any communications with, or compliance with requests or inquiries from, any governmental authorities.

23. Without affecting the finality of this Final Order and Judgment, this Court hereby retains exclusive jurisdiction, and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court, of, over, and with respect to, the consummation, implementation and enforcement of this Settlement and its terms, including the release of claims therein, and any suit, action, proceeding (judicial or otherwise) or dispute arising out of or relating to this Final Order and Judgment, the Settlement Agreement and its terms, or the applicability of the Settlement Agreement. This exclusive jurisdiction includes, without limitation, the Court's power pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other

applicable law, to enforce the above-described bar and injunction against the pursuit, commencement, maintenance, prosecution, and/or continuation of any Released Claim against any Defendant or Released Party.

**IT IS SO ORDERED AND ADJUDGED.**

Dated: _____    _____
Hon. Jessica S. Allen
United States Magistrate Judge